1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN LEWIS,                    )    1:09-cv-01480-OWW-JLT HC
                                    )
12              Petitioner,         )    FINDINGS AND RECOMMENDATIONS TO
                                    )    SUMMARILY DISMISS PETITION FOR
13        v.                        )    WRIT OF HABEAS CORPUS
                                    )
14                                  )    ORDER DIRECTING THAT OBJECTIONS
     FERNANDO GONZALES,             )    BE FILED WITHIN TWENTY DAYS
15                                  )
                Respondent.         )
16   _____)

17

18        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.

20        On August 24, 2009, Petitioner filed the instant petition for writ of habeas corpus.  (Doc. 1).

21   On January 8, 2010, the Court ordered Respondent to file a response to the petition.  (Doc. 5).  On

22   March 9, 2010, Respondent filed the Answer.  (Doc. 10).  On March 31, 2010, Petitioner filed his

23   Traverse.  (Doc. 11).

24        Petitioner challenges the California court decisions upholding a October 10, 2007, decision of

25   the California Board of Parole Hearings ("BPH").  Petitioner claims the California courts

26   unreasonably determined that there was some evidence that he posed a current risk of danger to the

27   public if released.

28

1          I.  Preliminary Screening of the Petition.

2          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

3   if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

4   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

5   The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any

6   attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4;

7   O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490

8   (9th cir. 1990).  Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to

9   the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice

10  pleading is not sufficient; rather, the petition must state facts that point to a real possibility of

11  constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at

12  420.  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to

13  summary dismissal.  Hendricks, 908 F.2d at 491.

14         Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a

15  petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

16  respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory

17  Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th

18  Cir.2001).

19         II.  Failure to State a Claim Cognizable Under Federal Habeas Corpus

20         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

21  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

22  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

23  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586

24  (1997).  The instant petition was filed on October 24, 2009, and thus, it is subject to the provisions of

25  the AEDPA.

26         Here, Petitioner alleges that he is an inmate of the California Department of Corrections and

27  Rehabilitation who is serving a sentence of fifteen years-to-life imposed in the Kern County Superior

28  Court after Petitioner's 1987 conviction for second degree murder.  (Doc. 1, p. 2).  Petitioner

challenges the October 10, 2007 decision of the BPH finding him unsuitable for parole. Petitioner raises the following grounds for relief: (1) no evidence was presented to the BPH that Petitioner posed an unreasonable risk of danger to society or a threat to public safety; (2) California Supreme Court decisions regarding a prisoner's liberty interest are dispositive; (3) this Court does not need to defer to findings and conclusions unsupported by the record; (4) the state court decisions were contrary to and an unreasonable application of clearly established federal law; and (5) the BPH violated California law by requiring Petitioner to admit guilt as a condition of being granted parole. (Doc. 1, pp. 9-11).

    A. <u>Substantive Due Process Claims And California's "Some Evidence" Standard</u>

    In essence, Petitioner contends that the BPH's decision is not supported by "some evidence," as required under California law, that the findings and conclusions of the BPH are unsupported by the record, and that the BPH violated California law by requiring Petitioner to admit his guilt before finding him suitable for parole. As discussed below, these claims sound entirely in substantive federal due process and are therefore not cognizable in these proceedings.

    The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a)(, 2241( c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); <u>see also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

1   State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

2          Because California's statutory parole scheme guarantees that prisoners will not be denied

3   parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held

4   that California law creates a liberty interest in parole that may be enforced under the Due Process

5   Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d

6   606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), rev'd, Swarthout v.

7   Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed

8   reviewing federal district courts to determine whether California's application of California's "some

9   evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light

10  of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

11         On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke,

12  562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011).  In that decision, the

13  United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the

14  Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth

15  Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty

16  interest.  Swarthout, 2011 WL 197627, *2.

17         However, the procedures required for a parole determination are the minimal requirements

18  set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct.

19  2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates'

20  claims that they were denied a liberty interest because there was an absence of "some evidence" to

21  support the decision to deny parole.  In doing so, the High Court stated as follows:

22         There is no right under the Federal Constitution to be conditionally released before the
           expiration of a valid sentence, and the States are under no duty to offer parole to their
23         prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due
           Process Clause requires fair procedures for its vindication–and federal courts will review the
24         application of those constitutionally required procedures.  In the context of parole, we have
           held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner
25         subject to a parole statute similar to California's received adequate process when he was

26  _____

27         [1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting
    or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and
28  to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the
    evidence relied upon in coming to the decision.  Id.

1   allowed an opportunity to be heard and was provided a statement of the reasons why parole
2   was denied.  (Citation omitted.)

3   Swarthout, 2011 WL 197627, *2.  The Court concluded that the petitioners had received the due
4   process to which they were due:

5       They were allowed to speak at their parole hearings and to contest the evidence against them,
    were afforded access to their records in advance, and were notified as to the reasons why
6       parole was denied...

7       That should have been the beginning and the end of the federal habeas courts' inquiry into
    whether [the petitioners] received due process.
8

9   Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some
10  evidence" rule is not a substantive federal requirement, and correct application of the State's "some
11  evidence" standard is not required by the federal Due Process Clause.  Id. at *3.  The Supreme Court
12  emphasized that "the responsibility for assuring that the constitutionally adequate procedures
13  governing California's parole system are properly applied rests with California courts, and is no part
14  of the Ninth Circuit's business."  Id.

15      Swarthout forecloses any claim premised upon California's "some evidence" rule because
16  this Court cannot entertain substantive due process claims related to a state's application of its own
17  laws.  Here, the claims in the petition sound exclusively in substantive due process and are therefore
18  foreclosed by Swarthout.  Review of the record for "some evidence" or for a "nexus" between
19  present dangerousness and certain indicia or reliance upon the circumstances of the commitment
20  offense to support denial of parole are simply not within the scope of this Court's habeas review
21  under 28 U.S.C. § 2254.  Accordingly, those claims should be summarily dismissed.

22      Moreover, to the extent that these claims rest solely on state law, they are not cognizable on
23  federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to
24  the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16
25  (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the
26  application of state law are not cognizable in feeral habeas corpus.  Souch v. Schiavo, 289 F.3d 616,
27  623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state law.
28  Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

1     B.   Procedural Due Process

2          Petitioner has neither claimed nor established a violation of his federal right to procedural

3  due process.  Petitioner has included a transcript of the BPH hearing.  (Doc. 1, p. 61 et seq.).  From

4  that transcript, it is clear that Petitioner was present at the BPH hearing, that he had an opportunity to

5  be heard, and that Petitioner received a statement of the Board's reasons for denying  parole.  (Doc.

6  1, p. 1; pp. 163-203).[2]

7          According to the Supreme Court, this is "the beginning and the end of the federal habeas

8  courts' inquiry into whether [the prisoner] received due process." Swarthout, 2011 WL 197627.

9  "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the

10 instant petition does not present cognizable claims for relief and must be summarily dismissed.

11                                      **RECOMMENDATION**

12          For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for

13 writ of habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon

14 which federal habeas relief can be granted.

15          This Findings and Recommendation is submitted to the United States District Court Judge

16 assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of

17 the Local Rules of Practice for the United States District Court, Eastern District of California.

18 Within twenty (20) days after being served with a copy, any party may file written objections with

19 the court and serve a copy on all parties.  Such a document should be captioned "Objections to

20 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

21 filed within ten (10) court days (plus three days if served by mail) after service of the objections.

22 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

23 parties are advised that failure to file objections within the specified time may waive the right to

24 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25 IT IS SO ORDERED.

26 Dated:   **February 24, 2011**                         **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE
27

28
       [2]Petitioner voluntarily waived his right to be represented by counsel at the BPH hearing.  (Doc. 1, pp. 64-65).